UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION


BRADLEY W. MONICAL,

               Plaintiff,

                                    Case No. 6:18-cv-02214-YY

    v.

                                   OPINION AND ORDER

JEREMY NOFZIGER and CRAIG PRINS,

               Defendants.


YOU, Magistrate Judge:

      *Pro se* plaintiff Bradley Monical ("Monical"), an adult in custody ("AIC") at the Oregon

Department of Corrections ("ODOC"), brings this 42 U.S.C. § 1983 suit, alleging that defendants

subjected him to a constitutionally deficient disciplinary process.  Plaintiff originally commenced

this action against various defendants; only defendants Jeremy Nofziger and Craig Prins

("defendants") remain.[1]

      The parties have filed cross-motions for summary judgment (ECF 45, 65).  As part of

Monical's response to defendants' motion for summary judgment (ECF 63), he moves to strike

---

[1] The remaining parties have consented to allow a magistrate judge to enter final orders and
judgment in this case in accordance with Federal Rule of Civil Procedure 73 and 28 U.S.C. §
636(c).  ECF 21.

portions of defendants' motion for summary judgment and the Declaration of Jeremy Nofziger (ECF 46).

For the reasons discussed below, defendants' motion for summary judgment (ECF 45) is GRANTED, Monical's motion for summary judgment (ECF 65) and motion to strike (ECF 63) are DENIED, and this case is dismissed with prejudice.

## I.    Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(a), "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The party moving for summary judgment bears the initial responsibility of informing the court of the basis for the motion and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party does so, the nonmoving party must "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 342 (citing FED. R. CIV. P. 56(e)).

In determining what facts are material, the court considers the underlying substantive law regarding the claims. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). Otherwise stated, only disputes over facts that might affect the outcome of the suit preclude the entry of summary judgment. *Id.* A dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Id.* at 248-49. A "scintilla of evidence" or "evidence that is merely colorable or not significantly probative" is insufficient to create a genuine issue of material fact. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000). The court "does not weigh the evidence or determine the truth of the matter, but only

determines whether there is a genuine issue for trial." *Balint v. Cason City, Nev.*, 180 F.3d 1047, 1054 (9th Cir. 1999). "Reasonable doubts as to the existence of material factual issue are resolved against the moving parties and inferences are drawn in the light most favorable to the non-moving party." *Addisu*, 198 F.3d at 1134.

## II.    Factual History

On December 16, 2015, Monical was transferred from Eastern Oregon Correctional Institution to the Marion County Jail for court. Nofziger Decl. ¶ 4 & Ex. 2, ECF 46. On November 21, 2016, Monical and Brian Eller, a Marion County AIC, "attacked a deputy sheriff—choking her to the point that she began to black out and believed death was imminent." *Id.* After Monical returned to ODOC custody, he received a misconduct report for a Rule 4.05 (Disturbance) violation. *Id.*

On March 16, 2017, defendant Nofziger, who is a hearings officer, conducted Monical's disciplinary hearing. *Id.* ¶ 7 & Ex. 2. After considering the evidence, Nofziger found that Monical had violated Rule 4.05 (Disturbance), a Level I rule violation. *Id.* ¶ 10 & Ex. 2. Nofziger recommended 120 days disciplinary segregation, "plus a 50% upward deviation—an additional 60 days—because the degree of harm attributed to the violation was significantly greater than typical for such a misconduct." *Id.* ¶ 10 & Ex. 2. Nofziger additionally recommended a $200 fine, which was suspended pending no major rule violations and which Monical never paid. *Id.* Monical also received a loss of privileges for 28 days, which was suspended pending no major rule violations. *Id.*, Ex. 2, at 4.

On March 20, 2017, the Functional Unit manager approved Nofziger's recommendations. *Id.* ¶ 11 & Ex. 2. Monical requested administrative review, and on May 17, 2017, defendant Inspector General Prins determined (1) there was substantial compliance with Oregon

Administrative Rules, Chapter 291, Division 105, (2) the hearings officer's finding was based

upon a preponderance of the evidence, and (3) the sanction imposed was in accordance with the

provisions set forth in the administrative rules. *Id.* ¶ 12 & Ex. 5.

## III.    Defendants' Motion For Summary Judgment

Monical alleges two due process claims.[2]  In "Due Process Violation #3," Monical

alleges Nofziger "had no legal authority under the law" to "punish[] [him] for violations of

ODOC rules while at [Marion C]ounty jail."  Am. Compl. 22, ECF 13.  He also claims Nofziger

violated his due process rights by denying his requests for witnesses, evidence, and an

investigation, and by misleading him about the use of confidential informants. *Id.* at 21-22.

Monical contends that Prins violated his due process rights when he "chose to ignore the law" on

administrative review. *Id.* at 22.

In "Due Process Violation #4," Monical alleges Prins' job was to ensure that subordinates

followed the law and complied with due process requirements, but claims that Prins allowed

Nofzinger to hold an illegal hearing and violate his due process rights. *Id.* Monical alleges he

was subjected to sanction as a result of Prins' actions, *id.*, and seeks $87,750 in damages. *Id.* at

32-33.

Defendants contend they are entitled to summary judgment because: (1) Monical's due

process claims fail as a matter of law; (2) they provided Monical with all the process that was

due; and (3) they are entitled to qualified immunity from damages.  Def. Mot. 2,  ECF 45.

---

[2] Monical originally alleged four due process claims.  However, the court held that "Plaintiff's
Amended Complaint does not state a cognizable due process claim related to the January 3,
2017, disciplinary hearing ("Due Process Violation #1") or the March 6, 2017, placement in
administrative segregation ("Due Process Violation #2")," and those claims were dismissed.
Order, ECF 15; *see also* Order, ECF 7 (describing how challenges to a disciplinary proceeding
that was subsequently overturned and placement in administrative and disciplinary segregation
did not amount to due process violations).

## A.    Legal Authority To Discipline For Rule 4.05 Violation

As a preliminary matter, Monical alleges that defendants improperly disciplined him for violating Rule 4.05 because a violation under that rule can only occur at an ODOC facility and he was in the physical custody of Marion County at the time of incident.  Am. Compl. 8-9, 22, 23, ECF 13.  Monical relies on O.R.S. 135.767, which provides for "[t]ransportation of an adult in custody," and states that "the court wherein the adult in custody is charged with the commission of a crime *may* . . . issue an order directing the Director of Department of Corrections . . . to surrender the adult in custody to the sheriff of the county where the adult in custody is to be tried."  (Emphasis added).

"May" is a permissive term.  *See Associated Oregon Veterans v. Dep't of Veterans' Affairs*, 70 Or. App. 70, 74 (1984) (recognizing that "may" is a permissive term, while "shall" is construed as a mandatory term).  Moreover, plaintiff does not allege, nor is there any evidence, to support that the Marion County Circuit Court issued such an order.  *See* Nofziger Decl. ¶ 4 & Ex. 3, ECF 46 ("During this time, [Monical] remained a DOC AIC[.]").

Furthermore, under O.A.R. 291-105-0015(4)(e), a Rule 4.05 violation occurs if an AIC "disrupts the orderly administration of or poses a direct threat to the security of *a facility*." (Emphasis added).  Nofziger Decl., Ex. 1, ECF 46; Monical Decl., Att. 8, ECF 64.  Otherwise stated, Rule 4.05 does not require that the facility where the offense occurs is an ODOC facility. Thus, there was no legal error in disciplining Monical under Rule 4.05.

## B.    Due Process Analysis

The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty or property without due process of law."  U.S. Const. amend XIV, § 1.  "Due process 'is a

flexible concept that varies with the particular situation.'" *Shinault v. Hawks*, 782 F.3d 1053, 1057 (9th Cir. 2015) (quoting *Zinermon v. Burch*, 494 U.S. 113, 127 (1990)).

Defendants move for summary judgment on the basis that Monical's due process claims fail as a matter of law because (1) his claims are not rooted in any protected liberty interest, and (2) he does not have a due process right to administrative review.  Def. Mot. 6-10, ECF 45.

### 1.    Protected Liberty Interest

Defendants argue that Monical's sanctions of 180 days in the disciplinary segregation unit ("DSU") and loss of privileges for 28 days are not deprivations that amount to a "protected liberty interest"—a prerequisite for a due process claim.  Def. Mot. 7-9, ECF 45.

AICs are entitled to certain due process protections when subject to disciplinary sanctions.  *Wolff v. McDonnell*, 418 U.S. 539, 564-71 (1974).  However, for the AIC's segregation to constitute a deprivation of due process, the AIC must establish the segregation "present[s] the type of atypical, significant deprivation in which a State might conceivably create a liberty interest."  *Sandin v. Connor*, 515 U.S. 472, 486 (1995).  Assignment to administrative segregation without other factors present does not implicate a protected liberty interest.  *Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003); *Resnick v. Hayes*, 213 F.3d 443, 448 (9th Cir. 2000) (prisoner has no cognizable due process claim because he has no liberty interest in being free from disciplinary segregation).

The court considers three factors in determining whether a condition is atypical and significant:

> (1) whether the challenged condition "mirrored those conditions imposed upon inmates in administrative segregation and protective custody," and thus comported with the prison's discretionary authority; (2) the duration of the condition, and the degree of restraint imposed; and (3) whether the state's action will invariably affect the duration of the prisoner's sentence.

*Sandin*, 515 U.S. at 486-87 (citation omitted).

As to the first and third factors, Monical does not allege that he experienced conditions different than other AICs who are housed in DSU or that his segregation extended the duration of his sentence. *Smith v. Powell*, No. 2:14-CV-01725-SB, 2016 WL 11384325, at *5 (D. Or. Jan. 25, 2016), *report and recommendation adopted*, 2016 WL 1183086 (D. Or. Mar. 28, 2016); *see also LaFleuer v. Nooth*, No. 2:12-cv-00637-SI, 2014 WL 1236138, at *4 (D. Or. March 25, 2014) (finding no issues of fact regarding conditions of segregation or length of sentence). Rather, Monical's due process claims are based on the second factor, *i.e.*, "whether the duration of his stay in the DSU and the degree of restraint imposed caused him a significant and atypical hardship compared to ordinary prison life." *Smith v. Powell*, 2016 WL 11384325, at *5; *see* Am. Compl. 21-23, ECF 13.

Courts have recognized "there is no bright-line rule" as to the duration of segregation that amounts to a protected liberty interest. *Smith*, 2016 WL 11384325, at *5 (collecting cases); *see Brown*, 751 F.3d at 988 (holding indeterminate 27-month (810-day) stay in segregation without meaningful review implicated a liberty interest); *Williams v. Simon*, 2:13-cv-00950-AA, 2018 WL 1585785, at *6 (D. Or. Mar. 30, 2018) (holding 19-month fixed and irreducible stay in IMU may create liberty interest, but prison officials were entitled to qualified immunity); *Williams v. Foote*, No. CV08-2838-CJC (JTL), 2009 WL 1520029, at *10 (C.D. Cal. May 28, 2009) (holding 701-day duration of segregation, alone, did not give rise to a liberty interest, especially given plaintiff was placed in segregated housing pending investigation for attempted murder of a peace officer). In *White v. Taylor*, the court held that a 180-day stay in DSU and a 28-day loss of yard privileges did not implicate the AIC's liberty interests. No. 2:17-CV-00981-AC, 2020 WL 3964996, at *6 (D. Or. July 13, 2020)) (citing *Smith*, 2016 WL 11384325, at *5 (finding 120

days in DSU did not implicate a protected liberty interest)); *see also Barboza v. Kelsey*, No. CV 03-3855 AHM AJW, 2011 WL 6091079, at *12 (C.D. Cal. Mar. 18, 2011), *report and recommendation adopted*, 2011 WL 6090154 (C.D. Cal. Dec. 5, 2011) (four months); *Rodgers v. Reynaga*, CV 1–06–1083–JAT, 2009 WL 62130, at *2 (E.D. Cal. January 8, 2009) (five months). Similarly, here, the 180-day duration of Monical's disciplinary segregation and loss of privileges for 28 days does not implicate a protected liberty interest.

Because Monical has failed to establish that his segregation "present[ed] the type of atypical, significant deprivation in which a State might conceivably create a liberty interest," his due process rights were not violated. *Serrano*, 345 F.3d at 1078.

### 2.    Administrative Review

As the court has already determined that Monical's sanction did not implicate a protected liberty interest, it is unnecessary to conduct any further analysis. *See Resnick*, 213 F.3d at 447, 449 (where there is no protected liberty interest, there is no due process claim). Nevertheless, "'[t]he Due Process Clause does not guarantee a prisoner the right to an administrative appeal from a disciplinary decision[.]'" *Reed v. Washington*, No. C09-5677BHS, 2010 WL 2330380, at *3 (W.D. Wash. May 10, 2010), *report and recommendation adopted*, 2010 WL 2342539 (W.D. Wash. June 7, 2010) (citing 16C C.J.S. *Constitutional Law* § 1776 (2021)).

> The OARs do not provide a right to an appeal of disciplinary proceedings. *See* OAR 291–105-005 through 291–105–0100. The OARs allow the inspector general to vacate any part of a disciplinary order or reopen the disciplinary hearing in the interest of justice. OAR 291–1050100. This, however, is not a right to which a prisoner is entitled. *See id.* ("The Inspector General ... *may,* in the interest of justice, vacate all or part of a final disciplinary order or withdraw the order and direct that a disciplinary hearing be reopened for consideration of new evidence.") (emphasis added).

*Woodroffe v. Oregon*, No. 2:12-CV-00124-SI, 2015 WL 2125908, at *8 (D. Or. May 6, 2015), *aff'd sub nom. Woodroffe v. Kulongoski*, 745 F. App'x 728 (9th Cir. 2018) (emphasis in original).

Therefore, Monical suffered no due process violation on the basis that his administrative appeal was denied.

### 3.    Defendants provided Monical with all Process that was due.

Even if Monical could show that his administrative segregation in the DSU implicated a protected liberty interest, his due process claims still fail because the evidence establishes that defendants provided Monical with all the process that was due.

#### a.    Applicable Law

"Under the Fourteenth Amendment's Due Process Clause, a prisoner is entitled to certain due process protections when he is charged with a disciplinary violation." *Serrano*, 345 F.3d at 1077 (citing *Wolff*, 418 U.S. at 564-71). But "[l]awful imprisonment necessarily makes unavailable many rights and privileges of the ordinary citizen," and though AICs retain constitutional protections of religious freedom, access to the court, equal protection, and substantive due process, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 555-56.

In *Wolff*, the Supreme Court discussed the due process requirements of a prison disciplinary hearing. First, prison officials must provide the AIC with written notice at least twenty-four hours before the hearing. *Id.* at 564. This notice must include the charges against the AIC, a written description of the evidence on which the fact finder relies, and the reason for taking disciplinary action. *Id.* Second, prison officials should allow the AIC "to call witnesses

and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Id.* at 566.  Third, if the AIC is illiterate, or if the complexity of the case makes comprehension unlikely, prison officials should allow the AIC to "seek the aid of a fellow inmate, or if that is forbidden, to have adequate substitute aid in the form of help from the staff or from a sufficiently competent inmate designated by the staff." *Id.* at 570.  Additionally, prison officials must have "some evidence" to support their ultimate disciplinary decision.  *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985).

### b.    Analysis

#### (1)    Investigation

Monical claims that defendants denied his right to an investigation.  *See* Am. Compl. 22, ECF 13.  The "Disciplinary Hearing Finding of Fact, Conclusion, and Order" states: "Inmate's request for an investigation was granted in part and denied in part."  Monical Decl., Att. 4, ECF 64.  Regardless, "pursuant to *Wolff*, procedural due process does not require an inmate to be provided with an independent investigation."  *Jones v. Taylor*, No. 2:17-CV-01031-BR, 2018 WL 4473578, at *8 (D. Or. Sept. 18, 2018); *see also Whitford v. Boglino*, 63 F.3d 527, 532 (7th Cir. 1995) (holding that "even if [the plaintiff] had a clear right to a fair hearing, he has no clearly identifiable constitutional right to an 'adequate investigation' of the insulting behavior charges").  Thus, Monical's procedural due-process rights were not denied in this regard.

#### (2)    Witnesses

Monical alleges defendants violated his procedural due process rights by denying him witnesses.  Am. Compl. 22, ECF 13.

As *Wolff* makes clear, the right of an AIC to call witnesses and present evidence is not unlimited. *See Wolff*, 418 U.S. at 566-67; *see Booth v. Stewart*, No. CIV.02-2440 MHM DKD, 2005 WL 2449956, at *6 (D. Ariz. Sept. 29, 2005) (holding that "[a] prison disciplinary hearing officer's decision that an inmate's request to call witnesses may properly be denied as irrelevant, unnecessary, unduly prolonging the hearing, or jeopardizing of prison safety, is entitled to deference").

The Disciplinary Hearing Findings of Fact, Conclusions, and Order states that Monical's request for witnesses was denied on the basis that the proposed testimony was not relevant to any viable defense:

> Inmate Monical requested several Marion County Deputies and Marion County inmates be called as witnesses in this case. Inmate Monical provided a list of questions to be posed to the witnesses. This list of witnesses and questions to be posed were reviewed with Inmate Monical on the record during his hearing. Inmate Monical failed to provide the Hearings Officer with sufficient evidence to conclude the results of the witness testimony would constitute a defense to the charges or substantially lessen the severity of the violation. This request was denied.

Nofziger Decl., Ex. 2, ECF 46; *see also id.*, Ex. 4, ECF 46. Indeed, Monical request to call corrections officers as witnesses to ask questions such as whether their use of cell phones during work hours constituted theft of taxpayer money, how many AICs had died on their shifts, and whether they were in sexual relationships with AICs was not relevant. Thus, there is no due process violation.

### (3)    Evidence

Monical alleges defendants violated his procedural due process rights by denying him the opportunity to present evidence. *See* Am. Compl. 3, 22, ECF 13.

"While an inmate has the right to present evidence in his defense, the [Supreme] Court [in *Wolff*] found that an inmate does not have the right to confidential, irrelevant, or unnecessary

information." *Graves v. Knowles*, 231 F. App'x 670, 672 (9th Cir. 2007) (citing *Wolff*, 418 U.S. at 566)).

The Disciplinary Hearing Findings of Fact, Conclusions, and Order state that Monical was allowed to present photographs that were taken by prison staff, but photographs taken by the Marion County deputies were part of an active criminal investigation and ODOC did not have authority to subpoena those photos:

> Inmate Monical requested pictures taken by DSU staff at OSP be provided as evidence. This request was granted. Inmate Monical arrived in DOC custody on November 23, 2016 and photographs were taken. These photographs show bruising to the left bicep and right forearm of Inmate Monical. Inmate Monical also requested the photographs taken by county deputies be provided. These photographs are the property of Marion County and are part of an active criminal investigation. The Department of Corrections does not have authority to subpoena these pictures. This request was denied as photographs from DOC were already provided.

Nofziger Decl., Ex. 2, ECF 46. Where defendants were not in possession of the photographs Monical wished to present as evidence, there cannot be a due process violation on that basis.

### (4)    Confidential Information

Monical argues that Nofziger misled him about the contents of a confidential information packet. Pl. Resp. 10, ECF 63. A close reading of the evidence of record, however, does not indicate any evidence to support Monical's contention. Nofziger Decl., Ex. 4, at 14-17, ECF 46; *see also id.*, Ex. 3.

Regardless, failure to provide Monical with the confidential information used against him at his hearing does not implicate a due process interest. *See Cervantes v. Adams*, No. 1:11-CV-00387-BAM PC, 2012 WL 844750, at *7 (E.D. Cal. Mar. 12, 2012). Nor does due process require the disclosure of the identity of confidential informants to an AIC. *Wolff*, 418 U.S. at 568-69. Thus, Monical's due process rights were not violated.

### (5)    The Decision

Monical argues that Nofziger improperly found him guilty of Rule 4.05 (Disturbance).

Am. Compl. 22, ECF 13.

A disciplinary decision satisfies due process so long as it is supported by "some

evidence" that has "some indicia of reliability." *Hill*, 472 U.S. at 455; *Toussaint v. McCarthy*,

926 F.2d 800, 802-03 (9th Cir. 1990).

Rule 4.05 provides:

> An inmate commits a Disturbance if he/she advocates, incites, creates, engages in,
> maintains or promotes a situation characterized by unruly, noisy, or violent
> conduct or unauthorized group activity, which disrupts the orderly administration
> of or poses a direct threat to the security of a facility, facility programs or the
> safety of DOC or OCE employees or other persons.

O.A.R. 291-105-0015(4)(e).

Nofziger relied on Monical's admission that he was out of his cell and on the tier at the

time of the incident; documentation—including "believable" confidential information—that

"show[ed] that [Monical and Eller] were in a concealed location as [the deputy who was

assaulted] entered the section to conduct a head count of the inmates in the unit"; and that the

additional staff who arrived to help the deputy "order[ed] . . . Monical to the ground at Taser

point." *See* Nofziger Decl., ¶¶ 4, 8 & Ex. 2, 3, ECF 46.  Thus, there is "some evidence" in the

record supporting Monical's discipline.

In sum, Monical has not raised a cognizable due process claim arising from his time in

DSU and loss of privileges, but even assuming that he had raised such a claim, he has been

afforded all the process that was due.  Accordingly, defendants are entitled to summary judgment

on the merits.

### C.    Monical's Motion to Strike

Monical seeks to strike any references to his convictions.  Resp. 5, ECF 63.  The court did not consider Monical's convictions in resolving this motion, so that motion is moot.  Monical also seeks to strike paragraph 4 of Nofziger's declaration based on lack of personal knowledge. There is no suggestion that Nofziger claims these facts are based on personal knowledge. Rather, paragraph 4 summarizes Nofziger's findings of fact that formed the basis for concluding Monical violated Rule 4.05.  *See* Knofziger Decl., Ex. 2, ECF 46.  Finally, Monical seeks to strike Exhibit 3, which confidential information that is attached to Nofziger's declaration and filed under seal.  Monical complains that "the court cannot accept evidence in a summary judgment that is . . . [in]accessible to the plaintiff and which should have been made available to plaintiff as evidence as his hearing[.]"  *Id.* at 5-6 (citing Def. Mot. 2, 3, ECF 45; Nofziger Decl., ECF 46; *id.* ¶ 8 & Ex. 3).  To the contrary, this confidential information was properly considered by Nofziger and is properly part of the record in this case.  *See*, *supra*, Sect. III.B.3.b(4).

### D.    Qualified Immunity

Monical has failed to raise a genuine issue of fact as to whether defendants violated his constitutional rights.  Thus, the court need not address defendants' qualified immunity defense. See *Monro v. Kelly*, No. 6:17-CV-01650-SB, 2019 WL 7197605, at *5 (D. Or. Sept. 13, 2019), *report and recommendation adopted*, No. 6:17-CV-1650-SB, 2019 WL 7194566 (D. Or. Dec. 26, 2019) (concluding that because "Monro has failed to raise a genuine issue of fact as to whether Defendants violated his constitutional rights[,] . . . the Court need not address Defendants' qualified immunity defense").

**IV.    Monical's Motion for Summary Judgment (ECF 65)**

Monical's due process claims fail on the merits and defendants' motion disposes of all claims.  Therefore, Monical's cross-motion for summary judgment (ECF 65) must be denied.

**ORDER**

Defendants' motion for summary judgment (ECF 45) is GRANTED, and Monical's cross-motion for summary judgment (ECF 65) is DENIED.  Monical's motion to strike (ECF 63) is DENIED.  Judgment shall be entered on behalf of defendants, and this case is DISMISSED with prejudice.

DATED  September 30, 2021.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge