UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

BRADLEY W. MONICAL,

        Plaintiff,

    v.

J. ROCHESTER; JUDY GILMORE; and TAYLOR,

        Defendants.

Case No. 6:18-cv-02214-YY

OPINION AND ORDER

YOU, Magistrate Judge.

*Pro se* plaintiff Bradley Monical, an adult in custody ("AIC") at the Oregon State Penitentiary, brings this civil rights action under 42 U.S.C. § 1983. Plaintiff's initial complaint asserted four claims for alleged due process violations, an equal protection claim, an Eighth Amendment conditions of confinement claim, and a First Amendment claim alleging a violation of his right to access the courts and retaliation. *See* Compl. 9–17, ECF 2.

The court granted plaintiff's Application to Proceed *In Forma Pauperis*, but dismissed with leave to amend plaintiff's initial complaint at the so-called screening stage for failure to state a claim. *See* Order to Dismiss (Oct. 29, 2016) 5–6, 14, ECF 7 ("A district court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a

1 – OPINION AND ORDER

claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.") (citing 28 U.S.C. §§ 1915(e)(2) & 1915A(b)).

Plaintiff filed an Amended Complaint shortly thereafter, in which he asserted the same claims and supplemented his factual allegations. *See* ECF 13. The court found that one of plaintiff's due process claims was sufficiently alleged and allowed it to proceed. Order (Jan. 13, 2020) 2, ECF 15. The court, though, dismissed all of plaintiff's other claims. *Id.* The surviving due process claim eventually proceeded to summary judgment, and the court granted summary judgment in defendants' favor. Opinion and Order (Sept. 30, 2021) 15, ECF 75. Plaintiff appealed those rulings, and the Ninth Circuit affirmed in all aspects, except it remanded for further proceedings plaintiff's conditions of confinement claim and his First Amendment retaliation claims that were initially dismissed at the screening stage. Memorandum (March 21, 2023) 5, ECF 79.

Plaintiff's now-remanded claims are asserted against three former employees of Snake River Correctional Institution ("SRCI")—Assistant Superintendent Judy Gilmore, Grievance Coordinator James Taylor, and Law Library Coordinator Janelle Rochester (collectively, "remaining defendants")—and are based on events that occurred while plaintiff was incarcerated at SRCI between April of 2017 and January of 2018. *See* Mot. Summ. J. 1, ECF 171; First Am. Compl. 12, ECF 13. Plaintiff's condition of confinement claim asserts generally that defendants Taylor and Gilmore subjected him to unconstitutional cruel and unusual punishment by "refus[ing] to provide anything but shower shoes" for the period of eight months that he was housed in the Intensive Management Unit of SRCI. First Am. Comp. 4, 25–27, ECF 13. Plaintiff's First Amendment retaliation claim against defendant Rochester asserts that, after he

2 – OPINION AND ORDER

filed a grievance regarding access to legal paper, she retaliated against him by requesting that other officers at SRCI perform a search or "toss" of plaintiff's cell. *Id.* at 28–31.

Currently pending is the remaining defendants' motion for summary judgment, which primary asserts that plaintiff's claims fail as a matter of law because he failed to exhaust the administrative remedies available at SRCI before bringing this suit, as required by the Prison Litigation Reform Act ("PLRA"). *See* Mot. Summ. J. 2, ECF 171.[1]

## I. Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The party moving for summary judgment bears the initial responsibility of informing the court of the basis for the motion and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party does so, the nonmoving party must "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.' " *Id.* at 324 (citing FED. R. CIV. P. 56(e)).

The court "does not weigh the evidence or determine the truth of the matter, but only determines whether there is a genuine issue for trial." *Balint v. Carson City, Nev.*, 180 F.3d 1047, 1054 (9th Cir. 1999). "Reasonable doubts as to the existence of material factual issue are

---

[1] Upon the case's return to this court, plaintiff filed a large number of motions related to discovery and other pre-trial procedural matters. *See* ECF 93, 97, 102, 113, 122, 130, 136, 142, 150, 161. Several of these motions are still pending in this case. Also, after the remaining defendants filed the currently pending motion for summary judgment, plaintiff filed a motion for leave to amend the complaint, which seeks to specifically name previously unidentified "John Doe" defendants included in plaintiff's First Amended Complaint. The resolution of these pending motions is discussed below.

3 – OPINION AND ORDER

resolved against the moving parties and inferences are drawn in the light most favorable to the non-moving party." *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

## II.     PLRA Exhaustion

Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion under the PLRA is mandatory. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (citing *Booth v. Churner*, 532 U.S. 731, 741 (2001)). The purposes of the exhaustion requirement are two-fold: to protect administrative agency authority, by providing agencies the opportunity to correct their mistakes before being brought into federal court, and by encouraging adherence to agency procedures; and to promote efficiency because resolution by an agency is typically faster and more economical than litigation in federal court. *Woodford v. Ngo*, 548 U.S. 81, 89 (2006).

"Failure to exhaust under the PLRA is 'an affirmative defense the defendant must plead and prove.' " *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (quoting *Jones v. Bock,* 549 U.S. 199, 204 (2007)). The court employs a burden-shifting framework to analyze administrative exhaustion under the PLRA. First, the defendant must "prove that there was an available administrative remedy and that the prisoner did not exhaust that available remedy." *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015). Next, "the burden shifts to the plaintiff, who must show that there is something particular in his case that made the existing and generally available administrative remedies effectively unavailable to him[.]" *Id.* This can include "showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously

futile." *Id.* An inmate need only exhaust those remedies that are available "as a practical matter," meaning that the remedy must be "capable of use; at hand." *Brown*, 422 F.3d at 937.

Because exhaustion of remedies is an affirmative defense, the defendant has the burden of raising and proving that an incarcerated plaintiff failed to satisfy the PLRA's exhaustion requirement. *Jones*, 549 U.S. at 216. Although the burden of proof remains with the defendant, the defendant is entitled to summary judgment if undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust. *Albino*, 747 F.3d at 1166, 1172.

The remaining defendants have satisfied their initial burden of showing that an administrative remedy was available to plaintiff and that he failed to exhaust his claims. The Oregon Department of Corrections ("ODOC") grievance process is set forth in the Oregon Administrative Rules. *See* OAR, Ch. 291, Div. 109. Under the version of the rules in place at the time of plaintiff's incarceration at SRCI, the grievance process consisted of three steps for handling AIC complaints: filing a grievance within 30 days of the date of the incident giving rise to the grievance, and two rounds of appeal. *See* Taylor Decl., Ex. 2 at 5–8, ECF 172.[2] Plaintiff filed two grievances related to his conditions of confinement claim regarding shoes. In Grievance SRCI 2017-07-043, received on July 11, 2017, plaintiff asked for "a pair of shoes so [he] can exercise[.]" Taylor Dec., Ex. 5 at 3, ECF 172; *see also* Monical Decl., Ex. 1 at 1, ECF 194. The grievance was "accepted and sent for a response" on the same day. Taylor Decl., Ex. 5 at 2, ECF 172. Plaintiff and Lieutenant Jantz both signed a statement that this grievance was "considered satisfied and requires no further action. Shoes Issued." *Id.* at 1. Plaintiff did not appeal this grievance. Taylor Decl. ¶ 25, ECF 172. In Grievance SRCI 2017-08-087, received on August 22,

---

[2] The current version of ODOC's rules regarding the grievance process is largely the same, though the timeframe for inmates to initiate the grievance process is now shorter (14 days). *See* O.A.R. 291-109-0205.

5 – OPINION AND ORDER

2017, plaintiff stated that he was "not issued a pair of appropriate tennis shoes to perform exercise in." Taylor Decl., Ex. 6 at 3, ECF 172. Again the grievance was "accepted and sent for a response" on the same day. *Id.* at 2. In responding to plaintiff, Taylor wrote that he "checked with the Special Housing shift supervisor and they will ensure you have been issued appropriate footwear for exercising. Thank you for bringing this to our attention." *Id.* at 1. Plaintiff did not appeal this grievance.

In his response to the motion for summary judgment, plaintiff points out that he "notified [Gilmore] and [Taylor] many times with regards to the request for shoes to exercise in[.]" And it is true that there are several "kytes" or other requests in the record about plaintiff's footwear. *See* Monical Decl., Exs. 1–11, ECF 194. But there is no evidence that plaintiff ever pursued a grievance regarding his footwear to even the first level of appeal, much less that he properly and fully exhausted the ODOC administrative process on the issue. Nor does plaintiff advance any argument as to why his failure to exhaust these grievances should be excused. Resp. Mot. Summ. J. 18–23, ECF 192. The remaining defendants are therefore entitled to summary judgment on plaintiff's conditions of confinement claim.

As for plaintiff's First Amendment claim alleging that Rochester ordered plaintiff's cell to be searched in retaliation for plaintiff's grievance regarding pleading paper, there is no evidence in the record that plaintiff ever filed a grievance on the cell search. There are numerous communications in the record starting roughly on September 15, 2017, and continuing through October of 2017, whereby plaintiff requested additional pleading paper from the law library, and to which defendant Rochester responded by, generally speaking, explaining that plaintiff had already been issued the amount of pleading paper allowed by ODOC rules and furthermore, had not substantiated his need for more pages. *See, e.g.*, Monical Decl., Exs. 12–29, 31, 33, ECF 194.

Plaintiff filed a grievance regarding his request for pleading paper on September 26, 2017; that grievance was returned several times for various procedural issues and corrections. *See* Taylor Decl., Ex. 7 at 2–11, ECF 172. Plaintiff's cell was searched on October 10, 2107, and during the search officers discovered that plaintiff "ha[d] a supply of blank pleading paper." Taylor Decl., Ex. 7 at 5, ECF 172; Monical Decl., Ex. 21, ECF 194. Plaintiff submitted another grievance on October 31, 2017, in which he again repeated his request for additional pleading paper. *Id.*, Ex. 16, ECF 164. What is missing, however, is any grievance that addresses plaintiff's complaint about the "cell search," performed on October 10, 2017, or alleges that the cell search was in retaliation for his requests for pleading paper or his previously-filed grievance on the issue. The remaining defendants have therefore carried their burden to show that plaintiff failed to exhaust his First Amendment retaliation claim.

     Plaintiff asserts that his failure to exhaust this claim should be excused based on "the retaliation for filing a grievance in itself." Resp. Mot. Summ. J. 10, ECF 192. "[T]he threat of retaliation for reporting an incident can render the prison grievance process effectively unavailable and thereby excuse a prisoner's failure to exhaust administrative remedies." *McBride v. Lopez*, 807 F.3d 982, 987 (9th Cir. 2015). In determining whether a threat rendered the grievance process effectively unavailable, the court first considers whether the prisoner actually believed the prison official would retaliate against him, and then considers whether the official's statements could reasonably be viewed as a threat of retaliation. *Id.* at 987–88.

     Following the search of his cell, plaintiff continued to request pleading paper from the law library, and as mentioned above, he filed a grievance regarding pleading paper on October 31, 2017. *See* Monical Decl., Exs. 15–17, In other words, there is no evidence that plaintiff subjectively feared retaliation for attempting to file a grievance because he filed at least one

7 – OPINION AND ORDER

additional grievance after the allegedly "retaliatory" cell search and did not raise any issue regarding the search or any retaliatory motive by Rochester. *See Osborne v. Peters*, No. 2:20-cv-02260-MC, 2022 WL 2904395, at *4 (D. Or. July 22, 2022) ("There is also no evidence that any TRCI personnel threatened or punished plaintiff when he sought help through kytes, reports to BHS, conversations with TRCI officers, and letters to officials."); *Wilkins v. Corr. Officers*, No. 2:21-cv-03383-VAP-E, 2022 WL 3206422, at *12 (C.D. Cal. July 13, 2022) (rejecting the plaintiff's "fear of retaliation" excuse because he filed, among other things, several other grievances during the relevant time). Thus, plaintiff's failure to grieve the issue of the cell search or Rochester's alleged retaliatory motive is not excused, and the remaining defendants are therefore entitled to summary judgment on plaintiff's First Amendment retaliation claim.

**III.    Other Pending Motions**

As mentioned above, there are numerous outstanding motions filed by plaintiff in this case. In several of the motions, plaintiffs seek discovery from defendants related to the merits of plaintiff's claims, such as video recordings from SRCI during the relevant time, the names of the individual corrections officers who searched plaintiff's cell, or a motion regarding depositions of the remaining defendants. The determination that the remaining defendants are entitled to summary judgment based on lack of exhaustion necessarily moots any outstanding motions regarding discovery going to the merits of plaintiff's claims. Therefore, plaintiff's Motion to Compel (ECF 136), Second Motion to Compel (ECF 142), and Motion for Issuance of Subpoenas (ECF 150) are denied as moot.

Plaintiff's Motion for Leave to File a Second Amended Complaint (ECF 180), which was filed after the remaining defendants filed their motion for summary judgment, is denied because it is futile. Although leave to amend under Rule 15 is to be granted with "extreme liberality,"

8 – OPINION AND ORDER

*Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation omitted), it is not automatically granted. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). Leave may be denied "due to undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010) (simplified).

The proposed Second Amended Complaint only seeks to identify previously unnamed "Doe" defendants; it does not attempt to add any additional facts regarding the exhaustion of plaintiff's claims. *See* Mot. Amend 1, ECF 180; Proposed Second Am. Compl. 5, 8–15, ECF 180-1. The proposed changes thus would not change the analysis above regarding plaintiff's failure to exhaust. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (explaining that futility may support denial of a motion to amend if it is clear that the pleading, as amended, is subject to dismissal and cannot be cured by amendment) (citations omitted).

Finally, plaintiff has filed an Objection to Order 163 and Order 156, (ECF 167), and an Objection to Order on Motion for Sanctions 164 (ECF 170). Because the parties have consented to magistrate judge jurisdiction in this case, those "objections" are construed as motions for reconsideration and are denied. Reconsideration under FRCP 59(e) is an "extraordinary remedy . . . to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enter. Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Plaintiff has not provided newly discovered evidence, demonstrated that the court committed clear error, or pointed to an intervening change in the controlling law that would justify changing the ruling in Orders 156, 163, or 164. *See 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citation omitted).

9 – OPINION AND ORDER

**ORDER**

Defendants' Motion for Summary Judgment (ECF 171) is granted, and plaintiff's Motion to Compel (ECF 136), Second Motion to Compel (ECF 142), and Motion for Issuance of Subpoenas (ECF 150) are denied as moot. Plaintiff's Motion for Leave to File a Second Amended Complaint (ECF 180) is denied because it is futile. Plaintiff's Objection to Order 163 and Order 156 (ECF 167) and Objection to Order on Motion for Sanctions 164 (ECF 170) are construed as motions for reconsideration and are denied.

DATED January 2, 2025.

                                                        /s/ Youlee Yim You
                                                    Youlee Yim You
                                                    United States Magistrate Judge